### In re ROXBURY RESIDENTIAL ASSOCIATES, INC., Debtor.

**Bankruptcy No. 5-82-00658.**

United States Bankruptcy Court, D. Connecticut.

Dec. 29, 1983.

James G. Verrillo, Zeisler & Zeisler, P.C., Bridgeport, Conn., for debtor.

Sheldon A. Rosenbaum, Goldstein & Rosenbaum, Danbury, Conn., for Roxbury Estates, Inc.

### MEMORANDUM AND ORDER

### ON INTEREST RATE UNDER CODE § 1129(a)(9)(C)

ALAN H.W. SHIFF, Bankruptcy Judge.

On July 11, 1983, the debtor filed an Amended Plan of Reorganization which, *inter alia,* designated the tax claim of the Town of Roxbury, Connecticut (Town) as a priority claim under Code § 507(a). The debtor's plan identified the Town's claim as impaired and proposed to pay the tax debt "in three annual payments commencing on the anniversary date of confirmation or the effective date of the plan with interest at 8 percent." [1]

On July 15, 1983, the Town sent a letter to this Court together with a ballot rejecting the debtor's plan. Although the Town was sent notice of the confirmation hearing, no representative of the Town appeared in court to assert the Town's objection. The Town's objection is therefore confined to the assertions contained in its July 15, 1983 letter which follows:

In reference to the attached ballot rejecting the Plan of Reorganization proposed by Roxbury Residential Associates, Inc. we feel an explanation of our rejection is in order.

Our principal objection to the Plan is to the proposed 8 percent rate of interest which is in direct conflict with the state statutes governing the collection of municipal property taxes.

Section 12–146 of the Connecticut General Statutes states "... the delinquent portion of the principal of any tax shall be subject to interest at the rate of eighteen per cent per annum from the time when it became due and payable until the same is paid ... Each addition of interest shall become, and shall be collectible as, a part of such tax...."

Your consideration in this matter is greatly appreciated.

The question then is whether the debtor's plan must provide for interest on the Town's tax claim at the rate established by § 12–146, Conn.Gen.Stat. in order to comply with Code § 1129(a)(9)(C).

■ Code § 1129(a)(9)(C) provides in relevant part that, unless a holder of a priority tax claim agrees to a different treatment, the bankruptcy court will confirm the plan only if that tax claimant "will receive on account of such claim deferred cash payments ... of a value, as of the effective date of the plan, equal to the allowed amount of such claim." In order to provide a priority tax claimant, such as the Town, with the equivalent value of its claim as of the effective date of the plan, interest must be paid on the claim throughout the payment period. *See In the Matter of Southern States Motor Inns, Inc.,* 709 F.2d 647, 650 (11th Cir.1983) *and cases cited therein; see also In re Connecticut Aerosols, Inc.,* 31 B.R. 883, 886, 10 B.C.D. 1207, 1209 (Bkrtcy. D.Conn.1983). The method of determining the appropriate interest rate was addressed by the court in *Matter of Southern States Motor Inns, Inc., supra,* at 651, which, citing 5 *Collier on Bankruptcy* ¶ 1129.03 at 1129–65 (15th ed. 1982), linked the "appropriate discount [interest] rate ... [to] the prevailing market rate for a loan of a term equal to the payout period, with due consideration of the quality of the security and the risk of subsequent default."

■ Thus, in order to satisfy Code § 1129(a)(9)(C), the debtor's plan must provide for the payment of interest on the Town's tax claim throughout the payment period in an amount which correlates to the prevailing market rate for a loan under analogous circumstances. In a similar inquiry, this Court in *In re Connecticut Aerosols, Inc., supra,* 31 B.R. at 886–887, 10 B.C.D. at 1209, rejected an interest rate proposed by the Internal Revenue Service under 26 U.S.C. § 6621 in favor of a rate proposed by the debtor under 28 U.S.C.

1. Debtor's Amended Plan of Reorganization, Article Four, p. 3.

§ 1961, as the latter rate was "more closely tied to current economic conditions at the time of confirmation ..." (quoting *In re Tacoma Recycling, Inc.,* 23 B.R. 547, 550 (Bkrtcy.N.D.Wash.1982)).

In sharp contrast to the interest rate provided by 28 U.S.C. § 1961 and even 26 U.S.C. § 6621, which provide for adjustments to approximate current market conditions, the rate established by § 12–146, Conn.Gen.Stat. is fixed and has no apparent relationship to current market conditions.[2] Section 12–146 is therefore ill suited to meet the objectives of Code section 1129(a)(9)(C), and the Town's objection in that regard must be and hereby is overruled.

Rejection of § 12–146, Conn.Gen. Stat. as establishing an appropriate interest rate under Code § 1129(a)(9)(C) is not, however, the equivalent of this Court's approval of the debtor's plan to pay the Town 8 percent on its tax claim. During the confirmation hearing, the debtor's attorney anticipated the possibility that the proposed interest rate might fail to satisfy § 1129(a)(9)(C) and invited the Court to fix a different rate of interest for the Town's tax claim. It is the obligation of this Court to assess whether the requirements of § 1129 are met before ordering confirmation. It is, however, neither appropriate nor prudent for this Court to cure defective elements in a debtor's plan. Accordingly, the debtor's invitation to actively participate in drafting its plan is declined and the debtor is instructed to file an amended plan consistent with this order by January 16, 1983. If the debtor timely files such an amended plan, the clerk of this Court is instructed to schedule a continued confirmation hearing. If the debtor fails to timely file an amended plan, an order will enter denying confirmation of the plan on file.

---

**2.** Section 12–146, Conn.Gen.Stat. has been periodically amended to increase the applicable interest rate. The present rate, 18 percent, was established in 1982 by P.A. 82–141. Prior changes occurred in 1981 (15 percent); 1975 (12 percent); and 1969 (9 percent).