In re F.A.S.I., INC. d/b/a Yale Bowl Wine and Spirits, Debtor.

Bankruptcy No. 5–83–01043.

United States Bankruptcy Court, D. Connecticut.

April 1, 1985.

Ira B. Charmoy, Levin & Charmoy, Bridgeport, Conn., for debtor.

Jonathan L. Ensign, Asst. Atty. Gen., Hartford, Conn., for State of Conn. Dept. of Revenue Services, objecting creditor.

**MEMORANDUM AND DECISION ON OBJECTION UNDER CODE § 1129(a)(9)(C) TO CONFIRMATION OF THE DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

ALAN H.W. SHIFF, Bankruptcy Judge.

**BACKGROUND**

The State of Connecticut Department of Revenue Services objects to the debtor's

**148**

First Amended Plan of Reorganization on the ground that the plan proposes to satisfy the priority tax claim of the State of Connecticut by calculating a rate of interest as outlined in 28 U.S.C. § 1961(a), rather than utilizing the 15% per annum rate contained in Conn.Gen.Stat. § 12–415(2). There are no further objections, and all other elements of Code § 1129(a) have been satisfied.

### DISCUSSION

The State's objection centers on Code § 1129(a)(9)(C), which provides:

(a) The court shall confirm a plan only if all of the following requirements are met:

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

(C) with respect to a claim of a kind specified in section 507(a)(6) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of *a value, as of the effective date of the plan, equal to the allowed amount of such claim.* [Emphasis added]

The State disagrees with the holdings of *Matter of Southern States Motor Inns, Inc.,* 709 F.2d 647 (11th Cir.1983); *In re Connecticut Aerosols,* 42 B.R. 706 (D.Conn.1984), *aff'g.* 31 B.R. 883 (Bankr.D. Conn.1983); *In re Roxbury Residential Associates, Inc.,* 35 B.R. 348 (Bankr.D. Conn.1983); and *In re Fisher,* 29 B.R. 542 (Bankr.D.Kan.1983), and argues that the "value as of the effective date of the plan" requirement of § 1129(a)(9)(C) should be read to require a statutory rate of interest, e.g. Conn.Gen.Stat. § 12–415(2), rather than a calculation based on prevailing market rate for the time value of money, e.g., 28 U.S.C. § 1961(a).

I do not agree. In *Connecticut Aerosols, Inc., supra,* 31 B.R. 883 and *Roxbury, supra,* 35 B.R. 348, this court looked to 28 U.S.C. § 1961 as a means of taking into account the erosion caused by a deferred payment plan so that an adjustment could be made to the taxing authority's allowed claim in order to preserve the value of that claim as it was on the effective date of the plan of reorganization. A fixed statutory rate *is not an effective means of preserving value. A fixed rate is more likely to either allow a profit over or a deterioration from the time value of the taxing authority's claim as of the effective date of the plan,* than is a rate based on market conditions on the effective date of the plan.

### ORDER

For the foregoing reasons, the objection of the State of Connecticut Department of Revenue Services is overruled, the debtor's First Amended Plan of Reorganization is confirmed, and Judgment may enter accordingly.